E-FILED
Friday, 17 November, 2017 12:27:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF PATRICK, | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | )     No. 17-4187 |
| | ) |
| HENRY HILL CORRECTIONAL CENTER, | ) |
|   Defendants | ) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, has identified one Defendant in his complaint: Henry Hill Correctional Center. Plaintiff says on July 21, 2016, his cellmate viciously attacked him. The inmate used an object to repeatedly strike Plaintiff in the ears, eyes and head. The inmate then flushed the object down the toilet. Plaintiff claims he never struck his cell mate during the assault.

Plaintiff did not immediately report the incident, but when he went to the Health Care Unit for a scheduled appointment, Nurse Casey asked him what happened. Plaintiff eventually told the nurse about the attack and she reported the assault to

1

Officer Brian Cannon. Plaintiff then repeated the details of the assault to Officer Cannon and Major Kris Badge. The officers took pictures of Plaintiff's injuries including a three inch cut on his head.

The officers then went to Plaintiff's cell to talk to his cellmate, but returned with a cup of pills. They asked Plaintiff what was in the cup and Plaintiff stated it was 25 blood pressure bills that had been given to him in a blister pack. Plaintiff received a disciplinary ticket based on having drugs or drug paraphernalia in his cell. Plaintiff says he was placed in segregation on investigative status for eight days. Plaintiff also complains he was moved repeatedly throughout the institution in just one month's time.

Plaintiff then complains about the medical care he received after the assault stating he "didn't think the tools were sterile enough" and they did not send him to an outside hospital. (Comp., p. 6). However, Plaintiff also admits he was sent to an eye specialist in Peoria, Illinois and mentions speaking with a neurologist. (Comp, p. 6, 7). Plaintiff now has permanent left eye damage and is concerned about his ears.

It is unclear what claims Plaintiff intended to allege in his complaint. Plaintiff admits he was treated as soon as he reported his injuries and he did see outside specialists. If Plaintiff intended to allege the delay in sending him to an outside specialist violated his constitutional rights, he must provide more information. For instance, who provided the initial treatment? Did Plaintiff need additional care? Which doctor approved the outside consultation? How long did Plaintiff wait to see the specialist? In addition, "[a]n inmate who claims that a delay in medical treatment rose

2

to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

Furthermore, it is not clear if Plaintiff was intending to state a separate claim based on the disciplinary ticket. Again, Plaintiff must provide more information. Was he found guilty of the ticket? If so, what discipline did he receive? Was Plaintiff in disciplinary segregation based on the attack or the pills?

Finally, Plaintiff cannot sue Hill Correctional Center pursuant to 42 U.S.C. §1983. Instead, Plaintiff must identify the specific individuals who were involved in his allegations. *See Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016).

Plaintiff's complaint is therefore dismissed for failure to state a claim upon which relief can be granted. If Plaintiff believes he can clarify his claims and allege a constitutional violation, he may file an amended complaint within 21 days providing the information noted in this order.

Plaintiff has also filed a motion for appointment of counsel. [5] Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th

Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has not demonstrated any attempt to find counsel on his own such as a copy of any letters sent or received or a list of attorneys contacted. Therefore, Plaintiff's motion is denied with leave to renew. [5]

IT IS THEREFORE ORDERED that:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

2) If Plaintiff believes he can state a constitutional violation, he may file an amended complaint in compliance with this order within 21 days or on or before December 8, 2017. If Plaintiff fails to file an amended complaint by the deadline, his case will be dismissed and a strike will be assessed pursuant to 28 U.S.C. Section 1915(g).

3) The Clerk of the Court is to provide Plaintiff with a complaint form to assist him, and to reset the internal merit review deadline within 21 days of this order.

4) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his claims. [5].

ENTERED this 17th day of November, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE